**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROLLY O. KINNELL,**

        **Plaintiff,**

        **v.**                             **CASE NO. 10-3149-SAC**

**UNITED STATES
DISTRICT COURT JUDGES,
et al.,**

        **Defendants.**

**O R D E R**

This civil complaint was filed pro se by Mr. Kinnell, who was recently released from years of confinement within the Kansas Department of Corrections. He seeks leave to proceed in forma pauperis.[1] In the caption and description of parties, plaintiff names the following defendants: United States District Court Judges,[2] Judge Saffels, Judge VanBebber, Judge Rogers, United States District Court Clerks, Federal Appellate Courts, 10th Circuit Court of Appeals, United States Supreme Court Clerks, United States Congress, President Obama, KDOC, State Courts of Kansas, and Bourbon County District Court.[3] Jurisdiction is asserted under Article III

---

[1] Since Mr. Kinnell is no longer a prisoner, he cannot be required, pursuant to 28 U.S.C. § 1915(g), to pay the filing fee up front in cases with no allegation of imminent danger of physical harm. However, he is forewarned that a comparable restriction could be tailored and imposed by the court upon a nonprisoner litigant who abuses the privilege of proceeding in forma pauperis, or leave to so proceed could simply be denied. "The filing fee requirement . . . is established by Congress as a prerequisite to a civil action and must be complied with, absent the granting of IFP status." See Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 261 (10th Cir. 1994); 28 U.S.C. § 1914(a).

[2] Plaintiff's naming of all U.S. District Court judges leaves the undersigned judge with no practical option but to consider his claims, since there is no unnamed federal judge to which this action might be reassigned.

[3] Plaintiff has often attempted in this court to sue numerous federal and state judges and has been repeatedly advised that judges are absolutely immune from liability for damages and other retrospective relief for acts performed

of the Constitution and several statutory provisions including 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. §§ 1983 and 1985.[4]

Having carefully considered the Complaint, the court finds that the bulk of plaintiff's allegations are nothing more than the rehashing of claims he raised repeatedly in prior lawsuits, which were denied. Those claims include challenges to his 1998 state criminal conviction; to the three-strikes provision of 28 U.S.C. 1915(g) as a denial of court access to him and other indigent prisoners in general; and claims regarding denial of government benefits. He implies that these claims were never considered on the merits, but were always dismissed due to his status as a three-strikes litigant and inability to pay the filing fee.[5] Contrary to this implication, Mr. Kinnell's challenges to his state conviction were considered and denied on the merits in at least one habeas corpus petition filed by him, as he has repeatedly been reminded.[6]

---

within their judicial capacities and within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In this action, as in his prior similar actions, no facts are alleged indicating that personal acts of each defendant judge were taken other than in his or her judicial capacity and within his or her jurisdiction.

[4] Plaintiff's assertion of jurisdiction under 28 U.S.C. § 2254 is improper, as this is not a habeas corpus petition and defendants are not respondents. He cites several statutes which provide remedies, such as a stay or declaratory judgment, but are not jurisdictional.

[5] While in prison, Mr. Kinnell filed numerous lawsuits, and as early as 1986 filed one in which the venerable Judge Wesley E. Brown ordered that his access to this court be limited "because of his abuse of the processes of this court." Kinnell v. Connally, Case No. 86-0337 (Apr. 3, 1991). He nevertheless continued to uncommonly abuse the court's processes. As a result, he was not only designated a three-strikes prisoner litigant, but had unique restrictions imposed upon his filings by this court and by the Tenth Circuit Court of Appeals.

[6] To the extent that plaintiff attempts herein to challenge his state conviction, he has been repeatedly advised that federal statutes prohibit second or successive challenges to his state criminal conviction. Thus, even assuming he remains "in custody" in the form of some sort of conditional release on his state conviction, he may not challenge these state criminal proceedings in either this civil complaint or another habeas corpus petition without prior authorization from the Tenth Circuit. If he has been unconditionally released from his state sentence, then he is no longer "in custody" and cannot challenge the conviction by way of habeas corpus. This does not mean that he may challenge it in a civil

See Kinnell v. State, Case No. 00-3235 (D.Kan. Dec. 14, 2001).

Plaintiff's claims regarding denial of government benefits during his imprisonment, were dismissed for lack of jurisdiction in a prior civil action filed by him. See Kinnell v. Sec'y, Veterans Affairs, et al., 98-3112 (Dec. 9, 1998). He has been reminded of the rulings and the citation to that case many of the numerous times he has sought to rehash these claims. Plaintiff was long ago advised by the Tenth Circuit that, under the doctrine of res judicata, he may not have the merits of his previously-denied claims re-examined. He has presented no facts or authority indicating he has a right or reason to re-litigate any previously rejected claims.

Plaintiff's claims of denial of constitutional rights based upon the promulgation and application to him and others of the three-strikes provision of 28 U.S.C. § 1915(g) have also been repeatedly raised by him, and he has been repeatedly advised that these claims have no legal merit. See e.g. Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001); Kinnell v. Clinton, Case No. 07-3241 (Apr. 7, 2009); see also, White v. Colorado, 157 F.3d 1226, 1232-33 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999)(No violation of access to court or denial of equal protection); Dubuc v. Johnson, 314 F.3d 1205, 1209 (10th Cir. 2003)(There is no question that § 1915(g) is constitutional.). Kinnell's claims regarding § 1915(g) may have been rejected mainly in his objections to orders applying the three-strikes provision and in his post-conviction

---

complaint. He is barred by Heck v. Humphrey, 512 U.S. 477,487 (1994), from seeking relief based on alleged challenges to his state conviction unless and until his conviction has been overturned by proper process. Petitioner tried but was never successful at overturning his state conviction.

3

motions.  To the extent these prior rulings might not be considered decisions on the merits, this court now finds that plaintiff's challenges to § 1915(g) lack legal and factual merit, and he is entitled to no relief thereon.

Plaintiff makes a couple of bald statements regarding his current housing at a nursing home and "false civil commitment to force (him) to take life threatening psychotropic medication." His current confinement is not alleged to have been the result of any act on the part of any individual named as defendant herein. Furthermore, Kinnell alleges no facts indicating he has exhausted state court remedies on claims as to his current civil commitment or parole conditions.

The court finds that the voluminous attachments to plaintiff's Complaint appear to be pleadings from his 1998 state criminal proceedings and various other civil cases he has filed in the past, and that their relevance is neither discussed in the Complaint nor facially evident.  Accordingly, the court finds that they are improper attachments and deserving of no further consideration.

The court also finds that, like in past complaints, Mr. Kinnell does not allege personal facts in support of each of his claims and does not describe the direct personal participation of each named defendant in particular unconstitutional acts.  Furthermore, as in prior suits, most, if not all, named defendants are immune to suit for actions taken within their official capacities.

In addition, the court finds that this action is a continuation of Mr. Kinnell's long-established pattern of abusive, malicious, and frivolous litigation in this court.  Consequently, the court certifies that any appeal of this Order is not taken in good faith

pursuant to 28 U.S.C. § 1915(a)(3),[7] and accordingly, denies leave to proceed in forma pauperis on appeal.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and plaintiff's Motion for Appointment of Counsel (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed as frivolous, with prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that any appeal is certified as not taken in good faith, and leave to proceed in forma pauperis on appeal is denied as a result.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[7] 28 U.S.C. § 1915 governs "proceedings in forma pauperis." Unlike § 1915(a)(2) and other subsections of § 1915(a), subsections (1) and (3) are not expressly limited to prisoners. The latter subsections apply to any person seeking to proceed without prepayment of fees. 28 U.S.C. § 1915(e)(2) is also not limited to prisoners and provides:

    (2) [T]he court shall dismiss the case at any time if the court determines that—
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal—
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

Id.